UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODGERECK HERBERT,

        Petitioner,               Case Number: 2:11-cv-12967
                                                   HON. BERNARD A. FRIEDMAN

v.

STEVEN RIVARD,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Rodgereck Herbert has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, challenges his convictions for felony murder and felony firearm. He asserts eight claims for habeas relief. Finding no basis for relief, the Court denies the petition and declines to issue a certificate of appealability.

### I. Background and Procedural History

Petitioner's convictions arise from the shooting death of Walvon Holland at a home in Detroit, Michigan on June 13, 2007. The Michigan Court of Appeals summarized the testimony adduced at petitioner's trial as follows:

> Defendant's convictions arise from the shooting death of 16-year-old Walvon Holland, who was shot three times in the head and once in the chest while inside the basement bedroom of his friend, Kurtis Kelm. Testimony at trial indicated that Holland and Kelm sold marijuana together, and kept their supply of marijuana in Kelm's bedroom. Kelm testified that he was sleeping in his bedroom and awoke when he heard defendant demanding drugs and money from Holland. Kelm stated that, from his partially concealed location, he saw defendant pointing a gun at Holland. When Holland refused to comply with defendant's demands, defendant shot him. Kelm heard a second person enter the basement but could not see who it

> was. Kelm remained hidden and heard the sound of someone rummaging through his cupboard. After defendant and the other person had left, Kelm discovered that the supply of drugs and money were missing.

*People v. Herbert,* No. 284313, 2009 WL 1682140 at *1 (Mich. Ct. App. June 16, 2009).

This recitation of the facts is presumed correct on habeas review in accordance with 28 U.S.C. § 2254(e)(1). *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009). Petitioner has not rebutted this presumption by clear and convincing evidence.

Following a bench trial in Wayne County Circuit Court, petitioner was convicted of first-degree felony murder and felony firearm. On February 20, 2008, he was sentenced to life in prison for the murder conviction and two years in prison for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals presenting the following claims: (i) insufficient evidence was presented to sustain his convictions; (ii) the prosecutor deliberately elicited false testimony; (iii) prosecutorial misconduct; and (iv) ineffective assistance of trial counsel. The Michigan Court of Appeals affirmed petitioner's convictions. *People v. Herbert*, No. 284313 (Mich. Ct. App. June 16, 2009).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The application was denied. *People v. Herbert*, No. 139403 (Mich. Dec. 21, 2009).

On June 25, 2011, petitioner filed a motion for relief from judgment in the trial court raising four claims not previously presented in state court: (i) ineffective assistance of counsel; (ii) trial court abused its discretion in denying motion for a new trial; (iii) prosecutorial misconduct; and (iv) ineffective assistance of appellate counsel. The trial court denied the motion. *People v. Herbert*, No. 07-11024-01 (Wayne County Cir. Ct. Sept. 22, 2011). Petitioner filed an application for leave

to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *People v. Herbert*, No. 309181 (Mich. Ct. App. Sept. 18, 2012). The Michigan Supreme Court also denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *People v. Herbert*, 493 Mich. 968 (Mich. Apr. 29, 2013).

While his motion for relief from judgment was pending in the trial court, petitioner filed a habeas corpus petition, raising the same claims raised on direct review in state court. Petitioner also asked the Court to stay the petition while he returned to state court to exhaust four additional claims not presented on direct review. The Court granted the motion. After exhausting his state court remedies, petitioner filed a motion to reopen the proceeding and amend his petition. The Court granted petitioner's motion. The amended petition raises these claims:

    I.     Insufficiency of the evidence, the evidence was legally insufficient to justify the conviction.

    II.    Herbert was denied a fair trial by the prosecutor eliciting what was known to be perjured testimony.

    III.   Herbert was denied a fair trial and his right to present a defense by the prosecutor's improper claims.

    IV.   Counsel's failure to impeach the prosecutor's unsubstantiated theory deprived Herbert of his Sixth and Fourteenth Amendment rights to the effective assistance of counsel.

    V.    Herbert was denied his state and federal constitutional right to the effective assistance of counsel where counsel: (a) failed to give an opening statement; (b) failed to request an adjournment until receipt of discovery material and adequate time to prepare; (c) failed to properly investigate and interview witnesses; (d) waived important fact witnesses; (e) failed to cross-examine witnesses; and (f) failed to object to fact-finder's verdict based on evidence not in the record.

    VI.   Herbert was denied his constitutional right to a fair trial based on an abuse of discretion by the trial court; the trial court abused its discretion when the court failed

        to grant a new trial after counsel's motion for a directed verdict, based on the prosecution's unsubstantiated record against the great weight of the evidence and use of facts not in evidence.

VII.    Herbert was denied his constitutional right to a fair trial due to the prosecution's misconduct when (a) the prosecutor failed to provide discovery materials to defense counsel in a timely manner; (b) deliberate request to waive important fact witnesses and failure to call res gestae witnesses violated the Confrontation Clause; and (c) repeated comments on the credibility of Kurtis Kelm the prosecution's key witness was prejudicial.

VIII.    Herbert's state and federal constitutional right to the effective assistance of appellate counsel was violated when (a) counsel failed to file motions for a new trial, and request an evidentiary hearing; and (b) failed to file reasonable merits within issues.

## II.  Standard

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the

correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the

5

decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Discussion

#### A. Sufficiency of the Evidence

Petitioner's first habeas claim challenges the sufficiency of the evidence presented to sustain his convictions. Specifically, he argues that the Kurtis Kelm's testimony identifying petitioner as the shooter was not credible and, therefore, could not form the basis for his conviction.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006), quoting *Jackson*, 443 U.S. at 324 n.16.

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency."

*McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, (citing *Jackson,* 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* Indeed, the *Jackson* standard is "exceedingly general" and therefore Michigan courts are afforded "considerable leeway" in its application. *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011).

Under Michigan law, the elements of first-degree felony murder are: (1) the killing of a human being; (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm would be the probable result; (3) while committing, attempting to commit, or assisting in the commission of any of the felonies enumerated in Mich. Comp. Laws § 750.316. *People v. Smith*, 478 Mich. 292, 318-319 (2007). Robbery is one of the felonies enumerated in Mich. Comp. Laws § 750.316. "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v. Avant*, 235 Mich. App. 499, 504 (1999).

The Michigan Court of Appeals held that Kelm's testimony was sufficient for a jury to find petitioner guilty of the charged offenses, reasoning:

> Kelm's testimony that defendant shot Holland in the head after Holland refused to comply with defendant's demands for the marijuana and money, and that the drugs and money were missing after defendant left, viewed in a light most favorable to the prosecution, was sufficient to prove beyond a reasonable doubt that defendant killed Holland during the commission of a robbery, and that he acted with the requisite malice to be guilty of felony murder. Although defendant argues that Kelm's

7

> testimony was not credible, questions of credibility are left to the trier of fact and, when reviewing a claim of insufficient evidence, this Court must resolve credibility choices in favor of the jury's verdict. *People v. Williams*, 268 Mich. App. 416, 419, 707 N.W.2d 624 (2005). Thus, we reject defendant's claim that the evidence was insufficient to support his felony murder conviction.

*Herbert*, 2009 WL 1682140 at *1.

"A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003), citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). The record shows that defense counsel thoroughly and effectively cross-examined Kelm regarding his version of events, including the delay in contacting police, Kelm's involvement in the drug trade, and conflicts between his statement to police and his trial testimony. Assuming the trier of fact found Kelm's testimony to be credible, this testimony was sufficient for a rational trier of fact to find the elements of each of the crimes of conviction proven beyond a reasonable doubt. Thus, the Michigan Court of Appeals' decision was not an unreasonable application of *Jackson*.

### B. Prosecutorial Misconduct

Petitioner raises numerous prosecutorial misconduct claims. He claims the prosecutor engaged in misconduct by: (i) knowingly presenting perjured testimony; (ii) arguing facts not in evidence and failing to call Juan and Jovan Smith as witnesses; (iii) failing to timely provide discovery materials to defense counsel; (iv) failing to call *res gestae* witnesses; and (v) commenting on the credibility of prosecution witness Kurtis Kelm. Respondent argues that all but one of these claims are procedurally defaulted. The Court finds it unnecessary to address the question of procedural default. Procedural default is not a jurisdictional bar to review the merits of an issue, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to

8

address a procedural-default issue before deciding against the petitioner on the merits," *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) ( citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). Application of a procedural bar would not affect the outcome of this case, and it is more efficient to proceed directly to the merits.

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *Parker v. Matthews*, — U.S.—, 132 S. Ct. 2148, 2153 (June 11, 2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). This Court must ask whether the Michigan Court of Appeals' (which, despite finding the claims not properly preserved, nevertheless, denied them on the merits) decision denying petitioner's prosecutorial misconduct claims "'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Parker*, — U.S. at —, 132 S. Ct. at 2155, quoting *Harrington*, 562 U.S. at 103.

### 1.

First, Petitioner argues that the prosecutor knowingly presented perjured testimony from key prosecution witness Kurtis Kelm.

A false-testimony claim falls under the *Brady* disclosure doctrine, which requires the government to disclose evidence favorable to a defendant if it is "material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194 (1963). The "contours of [a false-testimony] claim were predominantly shaped by two Supreme Court cases: *Napue v. Illinois*, 360

9

U.S. 264, 269-72, and *Giglio v. United States*, 405 U.S. 150, 153–54, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)." *Brooks v. Tenn.*, 626 F.3d 878, 894 (6th Cir. 2010).

The Sixth Circuit has developed a three-part test for determining if the prosecution has committed a *Brady–Napue–Giglio* violation:

> The knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. In order to establish prosecutorial misconduct or denial of due process, the defendants must show (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false. The burden is on the defendants to show that the testimony was actually perjured, and mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony.

*Id.* at 894-95, *quoting Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998).

In support of his claim, petitioner points to inconsistencies between Kelm's direct examination testimony and his testimony on cross-examination at the preliminary examination. The Michigan Court of Appeals rejected this claim, finding "merely because there were some inconsistencies in Kelm's testimony does not establish that Kelm provided false testimony, or that the prosecutor knew that his testimony was false." *Herbert*, 2009 WL 1682140 at *2. Petitioner highlighted some inconsistencies in Kelm's testimony, but has failed to demonstrate that any of the testimony was false. In addition, defense counsel extensively cross-examined Kelm. A prosecutor is not required to ensure that prosecution witnesses' testimony be free from all confusion, inconsistency, and uncertainty. The Michigan Court of Appeals' decision denying this claim was not an unreasonable application of Supreme Court precedent.

**2.**

Next, Petitioner claims that the prosecutor argued facts not in evidence concerning the actions of Jovan and Juan Smith. He claims that the prosecutor stated that Jovan Smith let petitioner

10

into the home, when no evidence was adduced at trial supporting that statement. He further argues that his right to due process was violated because the prosecutor failed to call Jovan and Juan Smith as witnesses.

The Michigan Court of Appeals held that the prosecutor's argument was not improper because the prosecutor was free to argue all reasonable inferences relating to his theory of the case and this argument was a reasonable inference based upon the evidence presented. *Herbert*, 2009 WL 1682140 at *2. "[T]he *Darden* standard is a very general one, leaving courts 'more leeway . . . in reaching outcomes in case-by-case determinations.' "Parker, ––– U.S. –––, 132 S.Ct. at 2155, quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The Michigan Court of Appeals reasonably disposed of petitioner's claim. Roxanne Kelm's testimony that she let a person inside the house who looked like Juan Smith and identified himself as Juan's brother supported the prosecutor's inference that Jovan Smith opened the door for petitioner. Even if the court of appeals erred in its holding, habeas relief would be denied because the court of appeals' decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

In addition, petitioner claims that the prosecutor committed misconduct by failing to call Jovan and Juan Smith as witnesses. The Michigan Court of Appeals held that the prosecutor fulfilled his duties under state law by providing petitioner notice that the brothers were potential witnesses. This holding is not an unreasonable application of *Darden*.

**3.**

Third, Petitioner argues that the prosecutor committed misconduct by failing to timely provide discovery materials to defense counsel. The prosecutor's alleged violation of a trial court's

discovery order is not a cognizable claim on habeas review. *Colston v. Burke*, 37 F. App'x 122, 125 (6th Cir. 2002). The only federal constitutional issue is whether the prosecution violated the petitioner's right to due process by ultimately failing to produce the discovery materials. Petitioner does not claim that the prosecutor failed to provide the materials, only that their production was delayed. Petitioner has not shown that he was prejudiced by the delay. No due process violation occurred.

**4.**

Next, petitioner argues that the prosecutor engaged in misconduct by asking the defense to waive production of certain witnesses and failing to call *res gestae* witnesses. The state-law requirement that prosecutors produce *res gestae* witnesses is outside the scope of federal habeas review. *Collier v. Lafler*, 419 Fed. App'x 555, 559 (6th Cir. 2011); *see also Atkins v. Foltz*, 856 F.2d 192 (6th Cir. 1988) (per curiam) ("[A]lthough Michigan law requires the production of all *res gestae* witnesses, [federal] court cannot hear state claims on petition for writ of habeas corpus . . . ." (internal citation omitted)). To the extent that petitioner instead asserts that the failure to secure certain witnesses' presence for trial implicates his more general right to call witnesses on his behalf, this claim is also meritless. Petitioner does not argue that the State prevented him from calling witnesses or that any witnesses's testimony was excluded. Accordingly, petitioner's right to present a defense was not violated.

**5.**

Finally, petitioner argues that the prosecutor improperly vouched for the credibility of prosecution witness Kurtis Kelm. Specifically, he contests the prosecutor's statement that the Kelm's testimony was corroborated by a number of individuals.

Prosecutors may not vouch for a witness's credibility. Prosecutorial vouching and an expression of personal opinion regarding the accused's guilt "pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence." *United States v. Young*, 470 U.S. 1, 18-19 (1985).

The trial court is the last state court to issue a reasoned opinion denying this claim and held that the prosecutor's argument was not improper. The state court recognized the applicable law, including that a prosecutor may not vouch for a witness's credibility, and found that, in this case, the prosecutor did not imply some special knowledge. The state court reasonably disposed of petitioner's claim. Habeas relief will be denied because the state court's decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

### C. Ineffective Assistance of Trial Counsel

Petitioner raises several ineffective assistance of counsel claims. He argues that counsel was ineffective in failing to: (i) impeach Kelm; (ii) adequately challenge the prosecutor's theory of the case; (iii) give an opening statement; (iv) request an adjournment until receipt of discovery material;

13

(v) properly investigate and interview witnesses; (vi) require production of important fact witnesses; (vii) cross-examine witnesses; and (viii) object to the verdict because it was based on evidence not in the record.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

**1.**

Petitioner first claims that his attorney's cross-examination of Kelm failed to examine and

14

exploit inconsistencies in Kelm's testimony, particularly with respect to whether Kelm saw a gun. The Michigan Court of Appeals held that counsel's representation in this regard was adequate because counsel challenged Kelm's testimony in several ways. Defense counsel argued that Kelm's version of events was contradicted by the gunshot trajectories, that it was too dark for Kelm to have seen petitioner's face, and that petitioner's aunt provided him with an alibi. The Michigan Court of Appeals concluded that counsel's cross-examination of Kelm was shaped by a reasonable trial strategy. *Herbert*, 2009 WL 1682140 at *3.

Defense counsel's cross-examination of Kelm shows an attorney well-prepared for trial and intent on highlighting weaknesses in Kelm's testimony. The Michigan Court of Appeals' decision was not contrary to or an unreasonable application of *Strickland.*

**2.**

Next, petitioner raises a vague argument that defense counsel failed to adequately challenge the prosecutor's theory of the case. In fact, the record shows that counsel vigorously cross-examined prosecution witnesses, presented an alibi defense, and secured discovery. Defense counsel challenged the prosecution's case and petitioner's argument to the contrary is meritless.

**3.**

Petitioner argues that counsel was ineffective in failing to give an opening statement. "A trial counsel's failure to make an opening statement, . . . does not automatically establish the ineffective assistance of counsel." *Moss v. Hofbauer*, 286 F.3d 851, 863 (6th Cir. 2002). In any event, in this case, as pointed out by the trial court in its order denying petitioner's motion for relief from judgment, while counsel did not make an opening statement after the prosecutor's opening statement, counsel did make an opening statement at the beginning of the defense's case. Defense

15

counsel's opening statement was brief, but it succinctly stated that petitioner would present an alibi defense. Petitioner has failed to show that this was inadequate representation or that counsel's brevity prejudiced him.

**4.**

Petitioner argues that counsel was ineffective for failing to request an adjournment when the prosecution was late in producing discovery documents related to a revolver used to test bullets recovered from the victim and tape recordings of telephone conversations petitioner had while incarcerated.

The trial court denied this claim, holding:

> [D]efendant has failed to demonstrate that, had trial counsel moved for an adjournment, there is a reasonable probability that the motion would have been successful since the decision whether to grant an adjournment was discretionary with the Court. . . . Nor has defendant established a reasonable basis for an adjournment given that trial counsel filed a motion in limine in conjunction with the revolver, and requested that there be no reference to the tapes until he reviewed them in their entirety.
>
> In any event, trial counsel was well prepared to try this case, in light of his vigorous cross-examination of the prosecutor's witnesses, presentation of defendant's case, and arguments on behalf of defendant. Thus, any request for an adjournment would have been futile. . . .

9/22/11 Opinion, at 4.

Petitioner fails to allege any specific way in which he was prejudiced by counsel's failure to request an adjournment. The Michigan Court of Appeals' finding that counsel was well-prepared for trial is amply supported in the record. Habeas relief is denied.

**5.**

Petitioner next argues that his defense counsel was ineffective in failing to investigate, interview and call certain witnesses, waiving production of fact witnesses, and in failing to

16

effectively cross-examine witnesses. The trial court denied this claim, finding no evidence that any further investigation or defense witnesses would have aided the defense. The court also found nothing in the record to demonstrate that additional cross-examination would have aided the defense. 9/22/11 Opinion at 5.

"The failure to call favorable witnesses can amount to ineffective assistance where it results in prejudice to the defense." *Pillette v. Berghuis*, 408 F. App'x 873, 884 (6th Cir. 2010). But if a witness does not possess exculpatory information, defense counsel has no obligation to call that witness to testify. *Id.* The Court's "concern is not to decide, using hindsight, what [it] think[s] would have been the best approach at trial. Instead, [the Court] consider[s] only if the approach ultimately taken was within 'the wide range of reasonable professional assistance' given the circumstances." *English v. Romanowski*, 602 F.3d 714, 728 (6th Cir. 2010) *quoting Strickland*, 466 U.S. at 689. Here, petitioner presents no affidavit or any other evidence establishing what additional witnesses would have said. In the absence of any such offering, petitioner is unable to establish prejudice. *Tinsley v. Million*, 399 F.3d 796, 810 (6th Cir. 2005) (affirming denial of an ineffective assistance claim based on counsel's failure to call witnesses where a petition did not "introduce[] affidavits or any other evidence establishing what they would have said."). In addition, counsel thoroughly cross-examined prosecution witnesses. Habeas relief is denied on this claim.

**6.**

Finally, Petitioner argues that counsel was ineffective in failing to object to the verdict. Counsel filed a motion for directed verdict. In addition, sufficient evidence was presented to sustain petitioner's convictions. Therefore, this claim is meritless.

### D. Trial Court's Denial of Motion for Directed Verdict

Petitioner argues that the trial court erred in denying his motion for a directed verdict because the prosecutor presented insufficient evidence to prove the crimes. Petitioner's claim that the trial court erred by refusing to enter a directed verdict is a state-law claim not cognizable on federal habeas review. *King v. Trippett*, 27 F. App'x 506, 510 (6th Cir. 2001), citing *Estelle v. McGuire*, 502 U.S. 62, 67–68, (1991). This claim is denied.

### E. Ineffective Assistance of Appellate Counsel Claim

Finally, petitioner argues that his appellate attorney was ineffective in failing to file a motion for a new trial and request an evidentiary hearing, and failing to raise claims raised by petitioner on collateral review.

The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

The trial court denied petitioner's ineffective assistance of counsel claims in its opinion denying his motion for relief from judgment. The trial court held that counsel was not ineffective in failing to raise on direct review the claims raised on collateral review because the claims were meritless. The court also held that counsel was not ineffective in failing to file a motion for new trial or to request an evidentiary hearing. 9/22/11 Opinion, at 5. The claims raised in this petition and on collateral review in state court are meritless. Appellate counsel need not raise non-meritorious claims on appeal. *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir.2010) citing *Greer v. Mitchell*,

264 F.3d 663, 676 (6th Cir.2001).  Accordingly, the Court will deny habeas corpus relief on this claim.

## IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).  In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the Court will deny a certificate of appealability.

## V.  Conclusion

For the foregoing reasons,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

 S/ Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: April 27, 2015